UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARNOLDO PINEDA                                   CIVIL ACTION NO. _____

VERSUS

GREEN ESCAPES NURSERY, INC.
AND DON BROUSSARD

# COMPLAINT

Plaintiff, Arnoldo Pineda, a person of the age of majority residing in the Parish of Ascension, State of Louisiana, brings this complaint against Defendants, Green Escapes Nursery, Inc. and Don Broussard, stating the following:

*Defendants*

1.

Made defendants herein are:

(a) Green Escapes Nursery, Inc., a corporation organized under the laws of the State of Louisiana, domiciled and having its principal place of business in Ascension Parish, Louisiana; and

(b) Don Broussard, a natural person of the age of majority residing in Ascension Parish, Louisiana.

*Jurisdiction and Venue*

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

3.

Plaintiff files this action pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*).

4.

The great majority of the facts giving rise to this cause of action occurred within the parishes of East Baton Rouge and Ascension.

*Plaintiff*

5.

Plaintiff is a citizen of Honduras admitted into the United States to work for the defendants under the federal H-2B temporary foreign worker visa program. He has been employed by Green Escapes Nursery, Inc. during three employment "seasons" over the past 3 years, from approximately March of 2013 through March of 2016. Plaintiff performed general landscape work for Green Escapes.

6.

Plaintiff left his country, his home, and his family to perform labor-intensive work, which defendants have certified to the Department of Labor that Americans are unwilling to perform.

7.

In their applications and submittals made in connection with the H-2B program, defendants informed the DOL that plaintiff would be paid overtime for hours worked in excess of 40 per week. Defendants also submitted a job description to the Louisiana

Workforce Commission as required by the H-2B program. This job description also indicated plaintiff would be entitled to overtime pay.

8.

Defendants' employment agreement with plaintiff also obligates defendants to pay overtime to the plaintiff.

9.

When plaintiff arrived in the United States to work for the defendants, he was informed that he would not, in fact, ever receive overtime pay. Plaintiff discovered that he would regularly and customarily be required to work in excess of 40 hours per week, but would not be paid overtime wages as required by the Fair Labor Standards Act. He was simply paid his regular hourly rate, regardless of the number of hours he worked. Plaintiff did not complain, for fear that defendants would not invite him back to the United States.

10.

In an apparent attempt to hide their illegal payroll practice, the defendants would compensate the plaintiff and other employees for 40 hours per week through the company payroll system, making all applicable payroll deductions from plaintiff's paycheck. The defendants would then pay plaintiff cash for the hours worked in excess of 40 hours per week. In connection with hours beyond 40 per week, Green Escapes would supply plaintiff and other employees with a small, white strip of paper on which was printed the number of hours above 40 hours each had worked that week, along with the gross pay they received, in cash, for those hours.

11.

Plaintiff was a non-exempt employee of Green Escapes under the Fair Labor Standards Act. His duties consisted of providing labor in connection with Green Escapes' landscape work. Green Escapes directed the time, method, and manner of the plaintiff's work duties.

12.

Defendant Don Broussard is an officer and manager of Green Escapes, and he devised the system whereby Green Escapes failed to pay overtime to the plaintiff. He is therefore also the "employer" of the plaintiff as that term is defined by the FLSA, and he is personally liable to plaintiff under the FLSA.

13.

Under the Fair Labor Standards Act, plaintiff is entitled to payment of additional wages at the rate of one and one-half times the rate of his regular pay for all hours worked in excess of 40 hours per week throughout the duration of his employment.

14.

As outlined above, defendants knowingly and willfully violated their obligation to pay overtime to the plaintiff, and then attempted to hide their illegal payroll practices. Plaintiff is therefore entitled to a three-year statute of limitations, and is entitled to receive from defendants an equal sum as liquidated damages, together with reasonable attorney fees, legal interest, costs, as well as such equitable relief as may be appropriate to effectuate the purposes of the Fair Labor Standards Act.

**WHEREFORE,** plaintiff prays that there be service and citation upon the defendants, and that after all legal delays and proceedings that there be a judgment

rendered in favor of the plaintiff and against the defendants for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorneys fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding.

                Respectfully Submitted:

                **ESTES DAVIS LAW, LLC**

                /S Daniel B. Davis
                Daniel B. Davis (La. Bar Roll No. 30141)
                Randall E. Estes (Bar Roll No. 22359)
                850 North Boulevard
                Baton Rouge, LA 70802
                Telephone:  (225) 336-3394
                Facsimile:   (225) 384-5419
                E-mail:  dan@estesdavislaw.com
                *Attorneys for Plaintiff*